UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES M. BROWN and JAMES E. BROWN, SR., For themselves and parents, guardians, and next friends of COBIE BROWN, JAMES BROWN JR., ROSE BROWN, VENSON JONES and AHIJAH BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY E. HAYMES, and LINDA C. HAYMES,<br><br>Defendants. | Case No. 13 C 2478<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Before the court are the Plaintiffs' three Motions in Limine. [Dkt 101, 102, 103.] Defendants have responded to those motions. [Dkt 111, 112, 113.] The court ruled from the bench on those motions on May 22, 2015. This opinion sets out the reasons why Plaintiffs' Motion in Limine #1 is denied, Plaintiffs' Motion in Limine #2 is granted in part and denied in part, and Plaintiffs' Motion in Limine #3 is denied.

This lawsuit is about why the plaintiffs, Mr. and Mrs. Brown and their family, and the defendants, Mr. and Mrs. Haymes, could not get along as neighbors. More specifically, the issue is whether the inability to get along was the result of racial animus on the part of the defendants and, if so, whether that racial animus caused damage to the plaintiffs that is remediable under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. Mr. and Mrs. Haymes deny that they had racial animus and assert that the tensions resulted from difficulties and disturbances caused by the

Browns, not racial discrimination on the Haymes' part.

Generally, "[m]otions in limine are disfavored." *Mi-Jack Prods. v. Int'l. Union of Operating Eng'rs., Local 150*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995) (Conlon, J.). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id*. Rather, rulings on evidence "ordinarily should be deferred until trial," when they may be resolved in the proper context. *Id*. The movant bears the burden of showing that the evidence it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Denial of a motion in limine is *not* a ruling that the evidence subject to the motion is necessarily admissible. Rather, it means only that "outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Id*.

### Plaintiffs' Motion in Limine #1

Motion in Limine #1 seeks to preclude the defendants from presenting any evidence that the plaintiffs used police services to aid in a family matter or mention the fact that plaintiffs called the police.

Any evidence about events that could effect a neighbor during the time that the Browns and the Haymes lived side by side is potentially relevant. For example, if the Browns had family discussions among themselves, that is not relevant. But if the discussions rose to a volume where a neighbor heard them, that is relevant.

Mr. and Mrs. Haymes may present evidence of their experience of living next to the Browns, what Mr. and Mrs. Haymes heard and saw, including any observations of shouting, arguments, or police activity.

Motion in Limine #1 is denied. The court will, however, consider a request for a limiting

instruction directing the jury not to speculate about who among the members of the Brown family was right or wrong in any disagreement among those members of the Brown family, but rather consider only the Haymes' experience of it. It is up to the party who seeks a limiting instruction to propose it.

**Plaintiffs' Motion in Limine #2**

Motion in Limine #2 seeks to preclude evidence regarding Corey Clair's prior arrests in reference to domestic incidents or the mention of any orders of protection that have been sought against him.

An arrest is not a conviction and so cannot be admitted under Fed. R. Evid. 609 (dealing with impeachment by evidence of a criminal conviction. Fed. R. Evid. 404(b)(1) provides that evidence of a crime, wrong or other bad act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. The same rationale applies to orders of protection. Accordingly, the fact that Corey Clair was previously arrested cannot be admitted for the purpose to show a propensity to act as charged in the arrests or as alleged in the motion for an order of protection.

However, that evidence may be admissible for other purposes. The Seventh Circuit has stated that, subject to balancing under Fed. R. Evid. 403, an arrest may be used on cross-examination as a specific incident of conduct under Fed. R. Evid. 608(b), if probative of the witness's character for truthfulness or untruthfulness. *Thompson v. City of Chicago*, 722 F.3d 963, 977 (7th Cir. 2013).[1]

---

[1] The case cited by the plaintiffs in their Motion in Limine to the effect that an arrest cannot be used under Rule 608 is a district court decision that predates the Seventh Circuit's opinion in *Thompson*. *See* Pls.' Motion in Limine # Two at 3 (citing *El-Bakly v. Autozone, Inc.*,

An arrest may also be admissible for other purposes. The defendants point out that the plaintiffs stated in the Complaint:

> Defendants called the police and made a false report that Clair had assaulted Defendant Jeff Haymes. One or two days later, Clair was arrested on this charge and kept overnight in jail. Although the case was dismissed in April 2012, that report may have a significant negative impact on Clair's education and pursuit of a career in law enforcement. It also caused great emotional distress to Plaintiffs to witness Clair's ordeal, hear racial slurs, and participate in the hearings related to this incident.

(Verified Compl. ¶ 31.) [Dkt 1.]

If the plaintiffs or any of their witnesses testify or argue that the allegations made by Mr. Haymes which resulted in the police arresting and charging Corey Clair caused any damage or injury to Corey Clair, that will open the door to evidence that Corey Clair had previously been arrested and had other encounters with law enforcement. Likewise, in the event that the plaintiffs claim that participating in the law enforcement procedings and sitting in the hearings related to the incident caused them distress, the defendants may introduce evidence that the plaintiffs had experienced similar situations previously with Corey Clair.

Also, Plaintiffs' Motion states that Corey Clair never resided at the Browns' residence during the time they lived next to the Haymes. (Pls.' Mot. Limine #2 ¶ 4.) The defendants state that the police records and other court records show Corey Clair's address as the Browns' residence. In the event that plaintiffs or their witnesses testify that Corey Clair did not live at the Browns' residence at the relevant time, the defendants may introduce evidence to contradict that testimony. This is not a ruling on the admissibility of the police records but rather a ruling

---

No. 04 C 2767, 2008 WL 1774962 (N.D. Ill. Apr. 16, 2008)). To the extent that this court's oral ruling on May 22, 2015 differs from this opinion in any respect, this opinion governs.

denying a motion that would preclude their use at trial for any purpose.

Motion in Limine #2 is granted in part and denied in part.

**Plaintiffs' Motion in Limine #3**

Motion in Limine #3 seeks to preclude the defendants from presenting evidence to support the Haymes' belief that the Brown family children were attempting to poison the Haymes' dog. The plaintiffs claim that the Haymes' poisoning theory is speculation. The plaintiffs state, "A jury could be unfairly prejudiced by the mere implication that Defendants believe that the children intended to poison their dog." (Pls.' Mot. Limine #3 ¶ 5.)

The motion is denied. A key issue in this case is the Haymes' state of mind. An element of a claim under the Fair Housing Act is that the defendants were motivated by an intent to discriminate on the basis of race. "We hold that a showing of intentional discrimination is an essential element of a § 3617 claim." *East-Miller v. Lake Cnty. Highway Dept.*, 421 F.3d 558, 563 (7th Cir. 2005). As previously noted, the Haymes may testify to what they observed and the inferences they drew from what they observed. Conclusions about a party's state of mind are for the jury, which will draw its own conclusions about the credibility of the parties from all of the evidence.

At trial, if any party believes that evidence is being introduced in violation of these rulings, that party must bring that to the court's attention by objecting at the time.

_____
Geraldine Soat Brown
United States Magistrate Judge

May 28, 2015